CARR, McCLELLAN, INGERSOLL THOMPSON & HORN
Professional Law Corporation
   John D. Minton, Bar No. 223823
   Scott E. Atkinson, Bar No. 251996
216 Park Road
Burlingame, California 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685
Email: jminton@carr-mcclellan.com

Attorneys for Defendants and Counterclaimants
SUSTAINABLE AQUATICS, LLC and
MOSSEY CREEK ENTERPRISES


OMNI LAW GROUP, LLP
   Trevor J. Zink, Bar No. 218860
   Peter Kerle, Bar No. 264803
1500 Hamilton Avenue, Suite 202
Campbell, CA 95008
Telephone: (408) 879-8500
Facsimile: (408) 879-8501
Email: tzink@omnillp.com

Attorneys for Plaintiff/Counterclaim Defendants
REED MARICULTURE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| REED MARICULTURE, INC.<br><br>Plaintiff,<br><br>v.<br><br>SUSTAINABLE AQUATICS, LLC, and MOSSEY CREEK ENTERPRISES,<br><br>Defendants. | Case No. CV 11-02114 EJD (HRL)<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>(MODIFIED BY THE COURT) |
| AND RELATED COUNTERCLAIM. | |

It is hereby stipulated by and between Plaintiff/Counterclaim Defendants REED

MARICULTURE, INC., TIMOTHY REED AND LYN REED, and

Defendants/Counterclaimants, SUSTAINABLE AQUATICS, LLC and MOSSEY CREEK

ENTERPRISES, to entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

1. **Form of Information Governed.**

This Order shall govern any document, information or other thing which is designated as containing "Confidential Information" as defined herein, and is furnished by any party or nonparty to any party in connection with this action.

2. **Definition of Confidential Information.**

(a) The term "Confidential Information" shall be interpreted to mean information of a producing party which is not generally known to the public or trade, including but not limited to, business plans, existing or prospective products, services, research and development, marketing plans (including marketing surveys, strategies, performance and projections), financial information and statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements) customer, vendor and supplier lists or other documents that identify the producing party's existing or prospective customers, vendors, or potential customers, vendors and suppliers and/or the terms of any relationships with the aforesaid, and a producing party's intellectual property, including but not limited to trademarks, trade names, inventions (whether or not patentable), and trade secrets as defined by California Civil Code section 3426.1.

(b) The scope of this Order shall be understood to encompass not only those items or things which are expressly designated as Confidential Information, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or integrally related thereto. The parties agree to treat as confidential any information produced by a third party if: (i) the third party has marked the documents or things produced as confidential or otherwise designated the information as confidential in the manner set forth in this Protective Order; and (ii) the documents or things produced fall within the definition of Confidential Information.

3. **Designated Material.**

(a) In this action, any person or entity or party to this action or third-party

witness (including counsel for the party or witness) (hereinafter the "Designating Person") (i) producing, formally or informally, information or material, including information from the inspection of files, documents, and facilities, and documents obtained or received by counsel for either party pursuant to pretrial discovery in this action from any other party or third-party witness, in response to a discovery request or otherwise, or (ii) lodging with the Court any information or material, may designate such information or material as Confidential Information under this Order. All such information and material and all information or material derived from any such designated information or material constitutes "Designated Material" under this Order. The form of information protected includes, but is not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

(b) The designation shall be made by marking the material either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY," or, in the case of information from the inspection of files, documents, or facilities, by informing the inspecting party that the information is either "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" in writing.

(c) The "CONFIDENTIAL — ATTORNEYS ONLY" classification, being more highly protective of disclosure than the "CONFIDENTIAL" classification, governs information that would materially affect the business, financial, or commercial interests of the person producing such material if such information is disclosed. Types of materials that may be entitled to protection under the "CONFIDENTIAL — ATTORNEYS ONLY" designation include, but are not limited to, business plans, marketing plans (including marketing surveys, strategies, performance, and projections), financial statements (including budgets, sales or profit projections or reports, profit and loss statements, balance sheets and income statements), customer lists or any other document that identifies the producing party's customers or potential customers and/or the terms of any relationships with the customers of a producing party, documents that identify the terms of any relationships with the suppliers of a producing party, a

producing party's intellectual property, including, but not limited to, trademarks, trade names, inventions (whether or not patentable), and trade secrets as defined by California Civil Code section 3426.1, and any other proprietary information a producing party reasonably designates as being protective of disclosure hereunder.

(d) Designation of information or material as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" under this Protective Order shall not create or alter any presumptions of confidentiality.

(e) Whenever only a portion of a document or thing is properly deemed "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" under this Protective Order, the Designating Person shall, to the extent practicable, limit the designation to such portion of the material.

4. **Access.** UNLESS OTHERWISE ORDERED OR AGREED TO IN WRITING BY THE DESIGNATING PARTY, Designated Material is subject to this Protective Order and shall be retained by receiving party's counsel, and neither the document nor other material so designated, nor the information disclosed therein, shall be disclosed to or used by any non-designating party or other person other than as provided below: (1) THE COURT AND ITS PERSONNEL;

(a) Material designated "CONFIDENTIAL" shall be disclosed only to (2) the officers of the parties to this action pursuant to the terms of paragraph (c) below, and (3) those individuals to whom Designated Material may be disclosed under the terms of subparagraphs (b), (c), (e) and (i) below.

(b) Material designated "CONFIDENTIAL – ATTORNEYS ONLY" shall be disclosed only to THE COURT AND ITS PERSONNEL; counsel, their legal associates and non-attorney office personnel; and also to a limited number of outside consultants (i.e., persons not an employee of a party), pursuant to subparagraph (c) below. Material designated "CONFIDENTIAL - ATTORNEYS ONLY" specifically may not be disclosed to the officers, directors, members and/or employees of parties to this action.

(c) Each person in paragraph 4(b) above, other than THE COURT AND ITS PERSONNEL; counsel, and their legal associates and non-attorney office personnel, to whom disclosure maybe made by counsel for a

4

STIPULATED PROTECTIVE ORDER
CASE NO. CV 11-02114 EJD (HRL)

non-designating party shall execute the attached Exhibit to Joint Stipulated Protective Order to be delivered beforehand to such Designating Person. Furthermore, outside consultants, in addition to executing the Exhibit to the Joint Stipulated Protective Order, shall, prior to their receipt of any Designated Material, be identified, in the manner set forth below, to the Designating Person. Counsel, the members of their respective law firms, and their employed associates and personnel shall not be required to be identified or to sign the Exhibit to the Joint Stipulated Protective Order, it being understood that they are bound by the terms hereof. The identification of persons under this paragraph shall include the full name, address, past and present employer(s), positions and responsibilities, and a statement concerning any involvement or affiliation, including stock ownership, with the parties to this action or any related corporate entity to a party, or with manufacturers, distributors, or sellers for electrical or electrical lighting product industry. The Designating Person shall have seven (7) calendar days from receiving the required identification to deliver to the notifying party and to serve on all other parties any good faith written objections to such disclosure to the person or persons selected by the counsel for the notifying party; such written objections must provide a detailed explanation of the basis for the objections. Absent timely objection, disclosure by the notifying party to the identified person or persons shall be deemed approved. Upon timely objection, disclosure to the objected-to person or persons shall not be made in order to permit the Designating Person time to ~~move for~~ **SEEK** an order that disclosure not be made to the identified person or persons. The pre-filing conference of counsel outlined in Local Rule 37-1 shall occur within five (5) calendar days of receipt of the objections. If the parties are thereafter unable to resolve the matter, the **PARTIES SHALL COMPLY WITH THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES WITHIN** ~~Designating Person shall provide its portion of Local Rule 37-2.2 Joint Stipulation to the notifying party with~~ seven (7) calendar days from the date of the pre-filing conference of counsel. ~~Thereafter all the remaining provisions of Local Rule 37 shall apply and the Designating Person shall set the motion to be heard for the earliest possible date available.~~ If ~~no such motion is made~~ **JUDICIAL INTERVENTION IS NOT SOUGHT** in such time and manner, disclosure by the objecting party to the identified person or persons shall be deemed approved. If ~~such a motion is made,~~ **JUDICIAL INTERVENTION IS SOUGHT,** there shall be no disclosure to the identified person or persons until the Court has ruled upon the **MATTER,** ~~motion,~~ and then only in accordance with the ruling so made.

5      STIPULATED PROTECTIVE ORDER
CASE NO. CV 11-02114 EJD (HRL)

(d) Designated Material shall not be used by a recipient thereof or disclosed for any purposes other than for litigation of this action.

(e) Court Reporters and Interpreters. Court reporters and interpreters, who may be present at depositions, shall be presented with a copy of this Protective Order and acknowledge the obligation to be bound by its terms.

(f) Copies. Copies and extracts may be made by or for the fore-going persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this Order.

(g) Derivative Documents. Documents created in whole or in part with information derived from documents designated under this Protective Order shall be designated in the same manner as the source documents.

(h) Party's Own Information. The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party, or from a nonparty who has claimed its disclosure is confidential.

(i) Authors and Addressees. The designation of any document or thing as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

5. **Designating Documents and Materials.**

When a party producing documents or things wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY," such designation shall be made in the following manner: (1) For documents, by placing an appropriate legend on each page of the document; (2) For tangible objects, by placing a label or tag on the object or the container therefor, or if not practicable, as otherwise agreed; (3) For written discovery responses, by providing any portion thereof containing Confidential Information in a separate document, appended to the main body of the response (appropriately marked in accordance with paragraph 3(b) hereof) and incorporated by reference therein; (4)For declarations or pleadings, in writing in

1  the declaration or pleading and on the face of any such declaration or pleading; (5) For
2  depositions, following the procedure set forth in paragraph 6; and (6) For oral disclosures (other
3  than deposition testimony) which are the subject of paragraph 2(b) above, by oral communication
4  contemporaneous with the disclosure followed by confirmation in writing within fourteen (14)
5  calendar days of the disclosure thereof.

      6. **Designating Depositions.**

      (a)    Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS ONLY" by a Designating Person either: (i) during the deposition, in which case the transcript of the designated testimony shall be transcribed on separate pages and marked by the reporter, as the Designating Person may direct; or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) days after the reporter sends written notice that the transcript is available for review, in which case the court reporter shall mark the designated portion in the original transcript as though that portion was timely designated during the deposition session. Counsel receiving such notice shall be responsible for destroying any copies of the improperly designated transcript or portion thereof in their possession or control upon the availability of the properly designated transcript from the court reporter. Pending expiration of the thirty (30) days under (ii), deposition transcripts and exhibits not previously produced shall be treated as if they had been designated "CONFIDENTIAL - ATTORNEYS ONLY."

      (b)    Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 4 of this Order. The failure of such other persons to comply with a request of this type shall constitute substantial justification for the counsel to advise the witness he need not answer a question seeking the revelation of confidential information.

      (c)    Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 4 of this Order. In addition, Designated Material may be used by the receiving or non-designating parties in deposing the Designating Person, and in deposing

any directors, officers, employees, agents, or attorneys of such Designating Person.

7. **Designation Challenges.**

A party may challenge any other party's designation of information or materials produced herein as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS ONLY" by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the basis for the asserted designation within ten (10) days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5)days after the challenging party has received the notice of the basis for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, ~~the objecting party may make an appropriate application to this Court~~ THE PARTIES SHALL COMPLY WITH THE UNDERSIGNED'S STANDING ORDER RE CIVIL DISCOVERY DISPUTES within fifteen (15) days after conferring with the producing party, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided. Failure to make an application within this period shall constitute a waiver of the objection. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated as "CONFIDENTIAL" or" CONFIDENTIAL - ATTORNEYS ONLY," as applicable.

8. **Court Procedures Under Seal.**

A PARTY THAT SEEKS TO FILE UNDER SEAL ANY MATERIAL MUST COMPLY WITH CIVIL LOCAL RULE 79-5 AND GENERAL ORDER No. 62. ~~Upon the Court's approval to file documents under seal, the submissions shall then be made in accordance with the Court's Local Rules. In applications and motions to the Court, all submissions of Designated Material shall be filed with the Court in sealed envelopes on which shall be affixed the title of the particular action, the title of the document, the word "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS ONLY" and a statement substantially in the following form:~~

~~"THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT."~~

Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material shall be held only after appropriate steps are taken to ensure that the confidentiality of the information is preserved during the hearing.

9. **Exceptions.**

The restrictions on dissemination of Confidential Information contained herein shall not apply to information which, prior to disclosure hereunder, is either in the possession or knowledge of the receiving party or person who, absent this Order is under no restriction with respect to the dissemination of such confidential information, or to information which is public knowledge or which, after disclosure, becomes public knowledge other than through an act or omission of a party receiving the information designated under this Order.

10. **No Prejudice.**

(a) Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the permissible scope of discovery. This Order is intended to provide a mechanism for the handling of Confidential Information to which there is no objection to producing or disclosing other than as to its confidentiality.

(b) Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(c) This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(d) The acceptance of Designated Material shall not constitute an admission or concession or permit an inference that the Confidential Information is, in fact, confidential.

(e) This Order shall be without prejudice to the right of any receiving party or persons to bring before the Court at any time the question of whether any particular information is properly categorized.

(f) The burden of proof with respect to the propriety or correctness in the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL —ATTORNEYS

ONLY" shall rest on the party making such designations.

   (g)  A party may seek to make late designations of discovery by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

   (h)  In the event that any Confidential Information is disclosed, either willfully or inadvertently, by a receiving party in contravention of this Order, the Confidential Information shall not lose its status through such disclosure and the disclosing party shall take all steps reasonably required to assure its continued confidentiality.

11. **Final Disposition.**

   (a)  Upon final termination of this action, each receiving party shall be under an obligation to assemble and return to the producing party all Designated Material produced in the terminated action that contains confidential information still subject to this Protective Order, including Derivative Documents and all copies thereof; provided, however, the counsel of record may elect to destroy any such materials.

   (b)  Notwithstanding the provisions of paragraph 11(a), the counsel for a receiving party may retain one copy of pleadings, attorney and consultant work product, Designated Materials and depositions taken in this action which contain confidential information that remains subject to this Protective Order.

12. **Modification and Survival.**

   The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties ~~or by~~ AND order of this Court. This order shall survive termination of this action.

13. **Jurisdiction of this Court.**

   The Court's jurisdiction to enforce the terms of this Order expires six months after final termination of the action.

14. **Enforcement of Protective Order.**

   In any action or proceeding to enforce any term of this Order, the non-prevailing party shall pay to the prevailing party all costs reasonably incurred in connection therewith, including, but not limited to, the prevailing party's attorneys' fees.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 22, 2011          CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN

                                By: _____/s/_____
                                        John D. Minton
                                        Attorneys for
                                    SUSTAINABLE AQUATICS, LLC and
                                    MOSSEY CREEK ENTERPRISES

Dated: August 22, 2011          OMNI LAW GROUP, LLP

                                By: _____/s/_____
                                        Trevor J. Zink
                                        Attorneys for
                                    REED MARICULTURE, INC., TIMOTHY REED and
                                    LYN REED

Filer's Attestation: Pursuant to General Order No. 45, § X(B), I attest that concurrence in the filing of this document has been obtained from its signatory.

Dated: August 22, 2011

                                        _____/s/_____
                                        John D. Minton

As MODIFIED BY THE COURT,
PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: __10/13/11__                     _____
                                        UNITED STATES ~~DISTRICT~~ JUDGE
                                        MAGISTRATE
                                        ~~Howard~~ R. Lloyd

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirely and understood the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Reed Mariculture, Inc. v. Sustainable Aquatics, LLC, et al.*, case number CV 11-02114 EJD (HRL). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                       [printed name]

Signature: _____
                  [signature]

30568-00001\iManage\3798841.2